# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-150V
Filed: January 31, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| ELAHE AMANI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | Attorneys' Fees and Costs; Fees for Travel; |
| | * | Expert Fees. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Lisa A. Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

      On January 9, 2017, Elahe Amani ("Petitioner") filed a Motion for Reconsideration. Mot. Recons., ECF No. 81. This Motion requested the Court to reconsider the Decision on Attorneys' Fees and Costs entered on December 30, 2016. Decision, ECF No. 80. The undersigned granted the Motion for Reconsideration on January 13, 2017. ECF No. 84. Respondent submitted his Response to Petitioner's Motion for Reconsideration on January 27, 2017. Resp't Resp., ECF No. 87. After careful consideration, the undersigned grants Petitioner's request for attorneys' fees in part.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

I.   **PROCEDURAL BACKGROUND**

On February 25, 2014, Petitioner filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder as a result of receiving a Tetanus-Diphtheria-acellular Pertussis ("Tdap" or "tetanus") vaccine on July 24, 2011.  Pet. 2, ECF No. 1.  On August 16, 2016, Special Master Hamilton-Fieldman filed a Decision on the Stipulation the parties submitted on that date.  Decision, ECF No. 68.

On August 30, 2016, Petitioner submitted her First Motion for Attorneys' Fees.  Mot. Att'ys' Fees, ECF No. 72.  Petitioner requested $115,669.10 for attorneys' fees and costs.  *Id.* at 2.  Petitioner also requested $3,900.00 for the expert costs of Dr. Hassan Moinzadeh and $2,125.08 for litigation costs.  *Id.*  On September 26, 2016, Respondent filed his Response to Petitioner's Motion for Fees.  Resp't Resp., ECF No. 77.  Respondent objected to Petitioner's request for fees on three grounds.  *Id.* at 5-6.  First, Respondent objected to Petitioner's fee request for work surrounding the April 7, 2016 damages hearing.  *Id.* at 5.  During this hearing, Special Master Hamilton-Fieldman discovered that there were pertinent medical records that had not been made available by Petitioner.  *Id.* at 5; Decision 4, ECF No. 80.  Respondent argued that Petitioner should "not be rewarded . . . for delaying resolution of the case by failing to produce the relevant medical records."  Resp't Resp. 5.  Second, Respondent objected to Dr. Moinzadeh's fee request of $600 per hour.  *Id.*  Respondent argued that this rate was "unreasonable."  *Id.*  Third, Respondent objected to Petitioner requesting full compensation for her stay at the Sofitel Hotel in Washington, DC and her request for full attorneys' fees for all of her travel.  *Id.*  Respondent objected to the costs associated with Petitioner's stay at a "luxury hotel" and argued that both Petitioner's time spent on travel and her rates for that time were unreasonable.  *Id.* at 5-6.

Petitioner filed her Reply to Respondent's Response on October 20, 2016.  Reply, ECF No. 79.  Petitioner disagreed with Respondent's conclusion that the "missing" medical records were the reason the case did not reach a settlement.  *Id.* at 6.  Petitioner argued that this case did not settle earlier "because Respondent wanted actual damages decisions in SIRVA cases."  *Id.* at 8.  Petitioner compared this case to *Courbois v. Secretary of Health and Human Services*, No. 13-939V, 2016 WL 7785859 (Fed. Cl. Spec. Mstr. Dec. 9, 2016), an unrelated SIRVA case.  *Id.*  Petitioner argued that, in the present case, Respondent "ran the same 'take no prisoners' non-settlement course" as Respondent did in *Courbois*.  *Id.*  Petitioner highlighted the comparable amounts Respondent stipulated to in this case and *Courbois*.  *Id.*  Petitioner argued that the testimony of Dr. Moinzadeh induced Respondent to settle.  *Id.* at 8-9.  Petitioner concluded that she should be awarded attorneys' fees for the damages hearing.  *Id.* at 8, 10.

Petitioner further argued that she is entitled to full attorneys' fees for travel.  *Id.* at 10-11.  Petitioners in general should receive full compensation for their travel, she argued, as parties increasingly must travel to Washington, D.C. to allow Special Masters to "maximize the time

---

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2

[they] can devote to their workload . . . ." *Id.* at 11.  Petitioner reiterated her argument concerning Dr. Moinzadeh's expert fees and requested the full amount of $3,900.00.  *Id.* at 12.  Petitioner also requested $2,125.08 for litigation costs, emphasizing that Respondent did not object to this request.  *Id.*  Finally, Petitioner requested an additional $5,630.80 for her work in drafting her Reply, bringing her total of attorneys' fees to $121,299.90.  *Id.* at 13.

On December 30, 2016, Special Master Hamilton-Fieldman issued a Decision on Petitioner's Motion for Attorneys' Fees and Costs.  Decision, ECF No. 80.[3]  Special Master Hamilton-Fieldman noted Petitioner's use of *Courbois* in her Reply.  *Id.* at 3.  Special Master Hamilton-Fieldman then used this comparison to underscore that Petitioner requested a 23% higher fee in this case compared to *Courbois*.  *Id.*  Respondent did not oppose Petitioner's fee rate of $400 per hour, and Special Master Hamilton-Fieldman found it to be reasonable.  *Id.*  But, Special Master Hamilton-Fieldman reduced the award of attorneys' fees from $121,299.90 to $100,298.65 for three reasons.  *Id.* at 4-5.

First, Special Master Hamilton-Fieldman did not agree with Petitioner's counsel that the delay in settlement was caused by Respondent's desire to obtain a decision in a SIRVA case.  *Id.* at 4.  Special Master Hamilton-Fieldman found that Petitioner's counsel disregarded her orders to submit all relevant medical records and viewed this failure as "inexcusable."  *Id.*  She consequently did not award attorneys' fees for the date of the damages hearing and the dates spent preparing for the hearing.  *Id.*  The total for this reduction amounted to $11,062.50.

Second, Special Master Hamilton-Fieldman reduced the attorneys' fees requested for travel time by half.  *Id.* at 5.  "Throughout [her] experience as a Special Master," Special Master Hamilton-Fieldman stated, "she has consistently awarded petitioners counsel only half of their travel costs . . . ."  *Id.*  Special Master Hamilton-Fieldman did not "deviate from that practice in this case."  *Id.*  The total for the reduction of travel fees came to $7,1550.00.  *Id.*

Third, Special Master Hamilton-Fieldman awarded half of the fees requested for Petitioner's preparation of her Reply.  *Id.*  She found Petitioner's research and work comparing this case to *Courbois* and arguing for the reasonableness of her unopposed attorney fee rate duplicative and unnecessary.  *Id.*  The total for this reduction amounted to $2,133.75.  *Id.*  After Special Master Hamilton-Fieldman applied all of the deductions to Petitioner's initial request, Special Master Hamilton-Fieldman awarded Petitioner $100,298.65 in attorneys' fees and costs.  *Id.*

In determining Petitioner's expert fee request, Special Master Hamilton-Fieldman compared Dr. Moinzadeh's expert fees to the fees rewarded in *Culligan v. Secretary of Health and Human Services*, No. 14-318V, 2016 WL 1622967 (Fed. Cl. Spec. Mstr. Mar. 31, 2016).  *Id.* at 5.  She explained that the physicians in *Culligan* were also from California and had more professional experience than Dr. Moinzadeh at the time of their expert testimony.  *Id.*  As a result, Special Master Hamilton-Fieldman reduced Dr. Moinzadeh's expert fee award from the requested $600 to $500 per hour, totaling $3,250.00.  *Id.* at 4-5.  Notwithstanding the reduction,

---

[3] As this case involves both a Decision on the parties' stipulation, ECF No. 68, and a Decision on Attorneys' Fees and Costs, ECF No. 80, the following citations in this Order will refer to the Special Master's Decision on Attorneys' Fees and Costs, ECF No. 80.

the Decision's final paragraph awarding Petitioner's fees did not mention the award to Dr. Moinzadeh for his costs as an expert or an award of litigation costs. *Id.*

Petitioner filed a Motion for Reconsideration on January 9, 2017. Mot. Recons., ECF No. 81.[4] In her motion, Petitioner requested that Special Master Hamilton-Fieldman reconsider the Decision on Attorneys' Fees and Costs "with respect to" the reduction in attorneys' fees and costs, the reduction in the expert costs of Dr. Moinzadeh, and the inadvertent omission of the reimbursement of litigation expenses. *Id.* at 2.

In her Motion for Reconsideration, Petitioner reiterated her arguments that the supplemental medical records were not necessary to the April 7, 2016 hearing or the subsequent settlement. *Id.* at 3-5. In her filing, Petitioner asserted that Petitioner's counsel was prepared for the damages hearing and any failure to include medical records was a result of Petitioner's belief that the files were not necessary. *Id.* at 5. Petitioner maintained that Petitioner's counsel was simply "unaware" of the missing medical records. *Id.* at 5. Furthermore, Petitioner argued, once the missing records were produced, Respondent quickly settled. This fast settlement was evidence to Petitioner that the missing medical records "had no impact to resolving the case . . . ." *Id.* at 6.

Petitioner also objected to the comparison of her fee request to the request in *Courbois*. She argued that the difference in fees can be attributed to a difference in staffing, as the petitioner in *Courbois* had law school students "at her disposal." *Id.* at 7. Petitioner then requested reconsideration in the reduction of the award for her travel time. She argued that *Gruber v. Secretary of Health and Human Services*, 91 Fed.Cl. 773 (2010) stands for the proposition that there should not be a standard practice for deciding the merits of a fees and costs application. *Id.* at 9. Such an approach would disallow Special Master Hamilton-Fieldman's decision to award half of the travel fees requested according to her long-standing practice. Mot. Recons. 9; Decision 5. Petitioner objected to the reduction in Dr. Moinzadeh's expert fee award and reiterated the points she made in her Reply. Mot. Recons. 11-12. She also objected to the omission of the expert fees and the litigation costs in Special Master Hamilton-Fieldman's Decision. *Id.* Finally, Petitioner requested $6,644.40 for attorneys' fees in drafting the Motion for Reconsideration. *Id.* at 12. This additional fee request brought her attorneys' fees request total to $127,944.30. *Id.*

On January 13, 2017, this case was transferred to the undersigned. Notice, ECF No. 83. I granted Petitioner's Motion for Reconsideration on the same day and stated in the Order that whether Petitioner's counsel is "entitled to the substantive relief that she requests will be determined after further analysis." Order, ECF No. 84. Respondent filed his Response to Petitioner's Motion for Reconsideration on January 27, 2017. Resp't Resp., ECF No. 87. Respondent recommended that the undersigned "exercise her discretion and determine the resolution of Petitioner's Motion for Reconsideration." *Id.* at 3. After reviewing Petitioner's motions and the record, I will award Petitioner's litigation costs in full and grant the additional fee requests with appropriate reductions.

---

[4] As this case involves two Motions for Reconsideration, ECF Nos. 57 and 81, the following citations in this Decision will refer the second Motion for Reconsideration, ECF No. 81.

II. ANALYSIS

A. Applicable Legal Standard

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

I have reviewed Petitioner's motions and documentation regarding the litigation costs, expert fees, fees pertaining to the April 7, 2016 damages hearing, travel fees, and fees associated with the most recently filed Reply and Motion for Reconsideration. I award these fees, subject to the reductions below.

B. Litigation Costs

Upon review, I do not find any unreasonable charges to the litigation costs. In the past, Special Masters have denied petitioners' costs due to a lack of documentation. *See Schueman v. Sec'y of Health & Human Servs.*, No. 04-693V, 2010 WL 3421956, at \*9 (Fed. Cl. Spec. Mstr. Aug. 22, 2010) (denying compensation due to petitioner's lack of receipts for long distance calls and fax transmissions). This is not the case here. Petitioner has full documentation for her litigation fees, including receipts. *See* ECF No. 73-1, at 2-15. Thus, I award her the full amount of **$2,125.08** for her litigation costs.

C. Expert Fees

I find Special Master Hamilton-Fieldman's reduction of Dr. Moinzadeh's expert fee to be reasonable. Decision 5. Petitioner argues that the previous Fees Decision matched the expert fees with amounts that were paid physicians in 2012 to 2013. Mot. Recons. 11. However, Special Master Hamilton-Fieldman awarded the flat rate of $500 for a physician's expert fee in 2016, specifically in the case cited in the fees decision, *Culligan v. Secretary of Health and Human Services*, No. 14-318V, 2016 WL 1622967, at \*10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016). The physician in *Culligan* had been in private practice since 1981 and practiced in Irvine, California. *Id.*, Statement of Dr. Gersh 5. In this case, Dr. Moinzadeh graduated from medical school in 1992 and practices in Long Beach, California. ECF No. 74-1, at 2. I find no reason to doubt Special Master Hamilton-Fieldman's finding that it was reasonable to award Dr. Moinzadeh the same rate as a physician in a similar location with more experience in a case that

was decided in the same year. I will grant Petitioner the amount represented as the hours Dr. Moinzadeh filed, 6.5, at the rate of $500 per hour. Thus, I award Petitioner **$3,250.00** to be paid as fees to Dr. Moinzadeh for his services.

### D. Attorneys' Fees

Petitioner requested a total of $127,944.30 in attorneys' fees. Mot. Recons. 12. Special Master Hamilton-Fieldman reduced Petitioner's award for the aforementioned reasons, awarding Petitioner $100,298.65. Decision 4-5. After reviewing the record and Special Master Hamilton-Fieldman's reasoning, I deduct a total of $16,917.50 for the fees related to the damages hearing and travel. However, I award full compensation for Petitioner's work on her Reply and Motion for Reconsideration. Thus, I award Petitioner **$111,026.80** for attorneys' fees.

#### a. Damages Hearing Attorneys' Fees

I agree with Special Master Hamilton-Fieldman in her reduction of Petitioner's attorneys' fees as they relate to the April 7, 2016 damages hearing. Decision 3-4. Petitioner argues that the medical records were unknown to counsel and irrelevant to the case. Mot. Recons. 3-6. Petitioner goes further to say that the "medical records had no impact on the case being able to be resolved as evidenced by the immediate resolution [of the case once the medical records were produced]." *Id.* at 4. However, the late filing of the medical records delayed the case and resulted in unnecessary work and time wasted.

On March 28, 2016, Special Master Hamilton-Fieldman requested updated medical records "as quickly as possible" in order to prepare for a bench ruling at the damages hearing. Decision 4. These medical records were necessary for "an assessment of Petitioner's need for physical therapy and/or surgical interventions, among other things." Order, ECF No. 52. Special Master Hamilton-Fieldman ordered Petitioner to file *all* of the client's updated medical records. *Id.* Petitioner then submitted medical records one week before the hearing and three days past due. Decision 4. After striking these records, Special Master Hamilton-Fieldman granted a Motion to Reconsider the medical records, yet her desire to issue a bench ruling on damages was stymied by her discovery of the unproduced records during the damages hearing. *Id.*

Considering the repeated urgings by Special Master Hamilton-Fieldman and the delays caused by a failure to disclose all of her client's medical records, I agree with Special Master Hamilton-Fieldman that Petitioner's counsel should not be compensated for the dates of March 28, 29, 30, 31, April 4, 7, 11, and 14, 2016, and should be awarded half of the fees sought for April 1, 2016. Decision 4. The total deduction for these dates amounts to $11,062.50.

#### b. Fees for Travel

Likewise, I find Special Master Hamilton-Fieldman's reduction of Petitioner's travel fees by half to be reasonable. *Id.* at 5. Petitioner argues that Special Master Hamilton-Fieldman applied an illegitimate "standard practice" in reducing the travel time compensation. Mot. Recons. 9. Petitioner cites the *Gruber* case from the Court of Federal Claims for the proposition

that plaintiff's counsel is "entitled to full compensation for travel time if: 1) they . . . charge all their paying clients for travel time . . . and, (2) the travel was necessary for litigating the case." *Id.* (citing *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 790 (2010)). The Court of Federal Claims also noted in *Gruber,* however, that "[e]ven an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." 91 Fed. Cl. at 791. Instead, petitioners' counsel must provide adequate documentation for a full award of requested fees. *See id.* at 791 ("[I]t is not only logical, but proper practice, to require Petitioners' attorneys to document the fees claim submitted in a manner that will enable the Special Master to reach a reasoned decision."); *see also Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2016) (finding full compensation for travel where petitioner's counsel provided adequate documentation).

Here, I do not find the documentation warranting a full award of attorneys' fees for the travel of May 8, 2015 and April 8, 2016. For May 8, 2015, Petitioner listed, "Travel home. Delays due to WWII war plane exhibition which delayed all outgoing flights and reschedule connection to Orange County." ECF No. 72-2, at 53. The reduction for that day will be $2,555.00, or fourteen hours at Petitioner's hourly rate of $365.00, divided in half. On April 8, 2016, counsel wrote, "Travel from Washington DC to Orange County. (12 hours)."[5] *Id.* at 89. This documentation does not provide an adequate basis for full compensation. I will reduce that day's compensation by $2,400.00, or 12 hours at Petitioner's hourly rate of $400.00,[6] divided in half.

However, I find sufficient documentation for 6.5 of the 11 hours Petitioner reported on April 5, 2016. I will award Petitioner full compensation for the hours she documented as, "Trial prep while at airport and flight, including direct testimony and medical records." *Id.* The total of this reduction is $900.00, or the total of the insufficiently documented 4.5 hours at Petitioner's hourly rate of $400.00, divided in half. The total from the reduction of travel fees amounts to $5,855.00.

### c. Attorneys' Fees for Responsive Motions

Petitioner's request for attorneys' fees for her work on her Reply and Motion for Reconsideration is reasonable. I will award full compensation for attorneys' fees for Petitioner's Reply to Respondent's Response, ECF No. 79, and Motion for Reconsideration, ECF No. 81. Petitioner's Reply was necessary given the response filed by Respondent, and Petitioner's Motion for Reconsideration was necessary given an inadvertent omission from the Court. Therefore, I award $5,630.80 for Petitioner's Reply and $6,644.40 for Petitioner's Motion for Reconsideration.

---

[5] I will compensate Petitioner's counsel for the extra .2 hours worked on April 8, 2016, as these are adequately documented work hours. ECF No. 72-2, at 89. The total from these two-tenths of an hour comes to $80.

[6] Petitioner's rate increased from $365.00 to $400.00 per hour for 2016. ECF No. 72, at 4.

### III. CONCLUSION

In accordance with the Vaccine Act, , 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and expert costs in this case and find that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable.

Accordingly, I award the total **$116,401.88** as follows:
- **The total of $111,026.80,[7] to be issued in the form of a check payable jointly to Petitioner and Petitioner's attorney, Lisa A. Roquemore, of the Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for her attorneys' fees and costs;**
- **The total of $2,125.08 in the form of a check payable to Petitioner, Elahe Amani, for her litigation costs;**
- **The total of $3,250.00 in the form of a check payable jointly to Petitioner and Petitioner's attorney, Lisa A. Roquemore, of the Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA for Dr. Hassan Moinzadeh's expert costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[8]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.